UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NONJUDICIAL FORFEITURE PROCEEDING | ) ) ) )    MBD No. |

### JOINT MOTION TO EXTEND TIME TO
### FILE CIVIL FORFEITURE COMPLAINT AND/OR
### OBTAIN INDICTMENT ALLEGING FORFEITURE

The United States of America, by and through its attorney, Carmen M. Ortiz, United

States Attorney for the District of Massachusetts, as authorized pursuant to 18 U.S.C.

§ 983(a)(3)(A), hereby moves upon agreement of the parties to extend from August 21, 2013 to

November 19, 2013 the time in which the United States is required to file a Verified Complaint

for Forfeiture *in Rem* and/or obtain an Indictment alleging forfeiture regarding the following

properties to which claims have been filed by Frederick Bonamo (the "Claimant") in a

nonjudicial civil forfeiture proceeding with the United States Bureau of Alcohol, Tobacco,

Firearms & Explosives ("ATF"):

    a.   $20,993.63 in United States currency seized on April 1, 2013 in Salem, Massachusetts;

    b.   $735 in United States currency seized on April 1, 2013 in Chelsea, Massachusetts;

    c.   $7,578.61 in United States currency seized on April 1, 2013 in Chelsea, Massachusetts;

    d.   $3,185.27 in United States currency seized on April 1, 2013 in Chelsea, Massachusetts;

    e.   $1,831.06 in United States currency seized on April 1, 2013 in Chelsea, Massachusetts;

f.   $1,444.31 in United States currency seized on March 29, 2013 in Chelsea, Massachusetts;

g.   $10,584.60 in United States currency seized on March 29, 2013 in Chelsea, Massachusetts;

h.   $179,900 in United States currency seized on April 1, 2013 in Chelsea, Massachusetts; and

i.   $6,000 in United States currency seized on April 1, 2013 in Chelsea, Massachusetts (together, the "Currencies").[1]

A proposed Order to Extend Time to File Civil Forfeiture Complaint And/Or Obtain Indictment Alleging Forfeiture is submitted herewith.  The United States and the Claimant, in support of this Motion, state as follows:

1.      The Currencies were seized on March 29 and April 1, 2013 pursuant to state seizure warrants.

2.      ATF sent notice of its intent to forfeit the Currencies administratively, as required by 21 U.S.C. § 983(a)(1)(A).

3.      The Claimant filed claims to the Currencies, which were received by ATF on a timely basis.

4.      No other person has filed a claim to the Currencies as required by law in the nonjudicial civil forfeiture proceeding, and the time within which to file such claims has expired. *See* 18 U.S.C. § 983(a)(2)(A)-(E).

5.      ATF transmitted the claims received in the nonjudicial civil forfeiture proceedings

---

[1] The deadline to file a Verified Complaint for Forfeiture in Rem and/or obtain an Indictment alleging forfeiture regarding items a. through f. listed above is August 21, 2013.  The deadline to file a Verified Complaint for Forfeiture in Rem and/or obtain an Indictment alleging forfeiture regarding items g. through i. listed above is September 9, 2013.  Therefore, the United States seeks only a 71-day extension as to items g. through i. so that these funds will be on the same notice schedule as items a. through f.

for the Currencies to the United States Attorney for the District of Massachusetts, for the purpose

of initiating a judicial forfeiture action against the Currencies.

6.　　　18 U.S.C. § 983(a)(3)(A)-(C) states:

(A)　　Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown *or upon agreement of the parties*.

(B)　　If the Government does not -

(i)　　file a complaint for forfeiture or return the property, in accordance with subparagraph (A); or

(ii)　　before the time for filing a complaint has expired -

(I)　　obtain a criminal indictment containing an allegation that the property is subject to forfeiture; and

(II)　　take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute,

the Government shall promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense.

(C)　　In lieu of, or in addition to, filing a civil forfeiture complaint, the Government may include a forfeiture allegation in a criminal indictment.  If criminal forfeiture is the only forfeiture proceeding commenced by the Government, the Government's right to continued possession of the property shall be governed by the applicable criminal forfeiture statute.

(Emphasis added).

7.　　　Pursuant to 18 U.S.C. § 983(a)(3)(A)-(C), unless the time is further extended by

the Court for good cause or upon agreement of the parties, the United States is required to file a

complaint for forfeiture against the Currencies and/or obtain an indictment by alleging that the Currencies are subject to forfeiture no later than August 21 and September 9, 2013.

8.      If the United States fails to file a complaint for forfeiture and/or to obtain an indictment by the specified date, it is required to release the Currencies and may not take any further action to effect the civil forfeiture of the Currencies in connection with the underlying offense.

9.      The United States and the Claimant has agreed to, and jointly request, an extension of time to and including November 19, 2013, so that the parties may continue to explore resolution of this matter without the need for a judicial action.

## CONCLUSION

The United States and the Claimant jointly and respectfully request that the Court enter an Order extending the period in which the United States is required to file a complaint against the Currencies and/or to obtain an indictment alleging that the Currencies are subject to forfeiture up to and including November 19, 2013.


Respectfully submitted,

CARMEN M. ORTIZ,                                   FREDERICK BONAMO
United States Attorney,                                 By his attorney,

By: /s/ Mary B. Murrane                        By: /s/ Alfred Paul Farese, Jr.
MARY B. MURRANE                               ALFRED PAUL FARESE, JR.
Assistant United States Attorney                 Law Offices of Alfred Paul Farese, Jr.
1 Courthouse Way, Suite 9200                     366 (Rear) Broadway
Boston, MA 02210                                      Everett, MA 02149
(617) 748-3100                                           (617) 387-1387
mary.murrane@usdoj.gov

Date: August 20, 2013

## <u>CERTIFICATE OF SERVICE</u>

I, Mary B. Murrane, Assistant United States Attorney, hereby certify that the foregoing Joint Motion to Extend Time to File Civil Forfeiture Complaint and/or Obtain Indictment Alleging Forfeiture, as well as the proposed Order Extending Time to File Civil Forfeiture Complaint and/or Obtain Indictment Alleging Forfeiture, was sent via first class mail to Claimant's counsel, Alfred Paul Farese, Jr., Esq., Law Offices of Alfred Paul Farese, Jr., 366 (Rear) Broadway, Everett, Massachusetts 02149.

/s/ Mary B. Murrane
Mary B. Murrane
Assistant United States Attorney

Date: August 20, 2013